UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 03-274 |
| TERRANCE BENJAMIN | SECTION: "B"(2) |


## ORDER AND REASONS

Petitioner, Terrence Benjamin's ("Benjamin"), opposed motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody is hereby **DENIED** (Record Document Number 1370).

**Facts**:

On August 19, 2003, the grand jury returned a multiple-count indictment charging defendant, Benjamin, and several co-defendants with various violations of federal law. (Record Document Number 1). On June 25, 2004, the grand jury returned a superseding indictment against Benjamin and others. (Record Document Number 429).

On June 27, 2008, pursuant to a plea agreement, Benjamin entered a plea of guilty to all counts of the indictment in which he was charged. (Record Document Numbers 1212 and 1215). During his change of plea proceeding, this Court informed Benjamin of the

charges against him in the indictment to which he was pleading guilty, the elements of the offenses, and the applicable maximum penalties.  (Record Document Number 1397).  The Court also explained and Benjamin acknowledged all of his constitutional rights.

In addition to the discussion between the Court and Benjamin, the plea agreement contains an appellate and post-conviction proceeding waiver provision.  (Record Document Number 1215, p.2). As part of the plea discussion, this Court explained the appeal and collateral challenge waiver of the plea agreement and the defendant responded affirmatively.  (Record Document Number 1397).  Benjamin also affirmatively waived all of his constitutional rights on record during the Rule 11 Plea hearing.

On that same date, June 27, 2008, and with appropriate consents, the Court sentenced Benjamin to life imprisonment on Counts 1, 2c, 4, 20 and 10 years imprisonment on Count 21. (Record Document Number 1216).  As per the plea agreement, the Government withdrew the previously filed Notice of Intent to Seek the Death Penalty against Benjamin. (Record Document Number 1213).

More than one year later, on July 22, 2009, Benjamin filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. §2255.  Thereafter, counsel was appointed to represent Benjamin on that motion and parties

engaged in a period of discovery motion practice.

Eventually, an evidentiary hearing was held on January 20, 2011, with all parties present along with counsel and witnesses from each side.


**Contentions of Movant:**

Petitioner, Benjamin, claims as grounds for relief under 28 U.S.C. §2255: 1) ineffective assistance of counsel for a failure to file a notice of appeal, and 2) an unknowing and involuntary guilty plea.

First, Benjamin claims that his defense counsel's performance was ineffective because counsel failed to file an appeal upon his request.  Second, Benjamin contends that his decision to plead guilty was unknowing and involuntary, and but for any of the following reasons, he would have not pled guilty but would have insisted on proceeding to trial: (1) counsel failed to move for dismissal based on the violation of Petitioner's statutory right to a speedy trial; (2) counsel failed to move for dismissal based on the violation of Petitioner's 6th Amendment right to a speedy trial; (3) counsel failed to inform the court and move for dismissal based on prosecutorial misconduct; (4) counsel failed to move for dismissal based on double jeopardy grounds and to include the issue in the interlocutory appeal filed in this case; (5) counsel failed

to move for dismissal based on multiplicity; (6) counsel failed to inform Petitioner that he was ineligible for the death penalty and that his maximum sentence would be life irrespective of whether he pled guilty or was convicted at trial; (7) counsel failed to explain to Petitioner that the plea agreement was a type "(C)(1)(c)" agreement which called for a specific sentence of life; (8) counsel failed to inform Petitioner that by pleading guilty he was waiving the right to challenge the conviction and/or sentence; and (9) Petitioner's first counsel and investigator provided privileged information to the government which was used to obtain the superseding indictment.

In Defendant's Reply to the Government's Opposition Memorandum, Benjamin contends that the record is not clear as to whether he fully understood that a plea of guilty would prevent him from an appeal of his conviction and sentence. Benjamin claims this point is evidenced by the fact that the only page of the agreement which bears his signature is the last page. The pages that refer to the waiver of his rights of appeal do not bear his signature or initials. (Record Document Number 1413).

Benjamin further argues that he received insufficient guidance from his attorney regarding the consequences of his decision to plead guilty. Benjamin requests that this court allow him to withdraw this guilty plea and proceed to trial or in the

-4-

alternative allow him to appeal his conviction and sentence. (Record Document Number 1413).

**Contentions of Respondent:**

The United States of America, Respondent, contends that Petitioner's motion should be barred by the post-conviction proceedings waiver contained in his plea agreement. Further, Respondent asserts that Petitioner has not established that his guilty plea was involuntary or without knowledge and that his counsel was constitutionally ineffective. (Record Document Number 1397). Accordingly, Respondent requests that Petitioner's motion be denied without an evidentiary hearing. (Record Document Number 1397).

**Law and Analysis:**

**Standard of Review for 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody.**

Under § 2255, this Court may vacate, set aside, or resentence a defendant if it concludes that it was "without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255; *see also United States v. Addonizio,* 442 U.S. 178, 185, 99 S. Ct. 2235, 2240 (1979). The statute does not encompass all claimed errors in conviction and sentencing.

Instead, relief under § 2255 is reserved for transgressions of constitutional rights and for a small range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).

A challenge pursuant to § 2255 cannot substitute for a direct appeal; therefore, to raise constitutional or jurisdictional issues for the first time on collateral review, movant must establish both cause for procedural default and actual prejudice resulting from the error. *Id*. at 742. In order to limit further the scope of § 2255, Congress amended §2255 by enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA grants prisoners one year from the date on which the judgment of their conviction became final to file a § 2255 motion. 22 U.S.C.A. § 2255.

While the AEDPA does not define when a conviction becomes final, a number of district courts in other jurisdictions have examined this issue. *See Dorsey*, 988 F.Supp at 918; *see also Kapral v. United States,* 973 F.Supp. 495, 497 (D.N.J. 1997). These courts have held that conviction becomes final for the purposes of § 2255 on the date when petitioner can no longer seek a direct review. *Dorsey,* 988 F.Supp at 918; *see also Marcello*, 1999 WL 261827 at 4. The Fifth Circuit Court of Appeals ruled on

the issue of finality of conviction under the Comprehensive Abuse Prevention and Control Act in *United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988). The *Morales* Court held that a conviction becomes final when no longer subject to examination on direct appeal. *Id*. Following the holding of other district courts, as well as the Court of Appeals, this Court finds that for the purposes of § 2255, a conviction becomes final on the expiration of the time for direct review.

In this case Benjamin waived his right to directly appeal his sentence on any ground as a condition of the plea agreement dated June 20, 2008. On June 27, 2008 Benjamin appeared before this Court and entered a guilty plea. At that time, Benjamin affirmed that he understood his waiver of the right to file a direct appeal of his conviction as a condition of the plea agreement. Thus, Benjamin's conviction became final on June 27, 2008 when he appeared before this Court. Therefore, Petitioner's § 2255 motion, dated July 24, 2009, facially appears to be untimely. However, under § 2255, the Court must examine each issue raised in the claim and underlying facts in the record and motions. In this case, Benjamin raised two principle issues in his § 2255 motion: 1) ineffective assistance of counsel and 2) unknowing and involuntary guilty plea.

**Ineffective Assistance of Counsel**

The Sixth Amendment right to effective assistance of counsel exists in order to protect the fundamental right to a fair trial. A claim that counsel's performance fell below a threshold of effective assistance is subject to the two-prong test established in *Strickland*. Under this test, the Petitioner must show that (1) his attorney's performance was deficient and (2) this deficient performance so prejudiced his defense that the proceeding was fundamentally unfair. *Strickland v. Washington*, 466 U.S. at 687, 104 S. Ct. 2052, 2064 (1984).

To satisfy the first prong, the Petitioner must prove that his counsel's representation fell below an objective standard of reasonableness. *Id*. at 669, 104 S. Ct. 2052, 2055. A convicted petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of professional judgment. However, judicial scrutiny of counsel's performance must be highly deferential with a strong presumption that the conduct fell within a wide range of reasonableness under professional norms. *United States v. Payne*, 99 F.3d 1273, 1282 (1996). In addition, a fair assessment of attorney performance requires that hindsight be eliminated, and instead that the Court reconstruct the counsel's conduct under all of the circumstances of the case. *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052, 2065.

Benjamin contends that after sentencing, his counsel failed to file his requested appeal. This claim is without merit since Benjamin affirmatively waived his right to direct appeal at his guilty plea and he failed to offer credible evidence that he requested an appeal. Moreover, Benjamin fails to convince that a precondition of his guilty plea was to preserve appeal rights.

Benjamin's counsel for the § 2255 motion cites precedent for the proposition that even where a defendant waives the right to appeal and collateral review, prejudice will be assumed and the defendant will be entitled to file an out-of-time appeal if defendant establishes by a preponderance of the evidence that he requested an appeal. *U.S. v. Tapp*, 491 F. 3d 263, 266 (5th Cir. 2007). Ineffective assistance in entering into a plea agreement and in agreeing to the waiver of appellate rights would, if proven, violate a Defendant's Sixth Amendment right to effective counsel. *U.S. v. White*, 307 F. 3d 336, 343 (5th Cir. 2002).

Benjamin acknowledged in the plea colloquy, the supportive plea agreement and factual basis documents, that he was entering a knowing and voluntary plea of guilty, with express understanding of his constitutional rights, clear waivers of those rights, done orally and in writing, and with full awareness of the specific life sentence upon acceptance of the plea by the Court. (Record Document Numbers 1212, 1213, 1214 and 1215). Benjamin further acknowledged

at the § 2255 hearing that his mother and godmother urged him to accept the plea agreement. All parties acknowledged that as part of that agreement, Benjamin confirmed understanding and acceptance of his waiver of appellate and post-conviction remedies. Despite the record evidence, Benjamin his mother and godmother claim that Benjamin asked trial counsel to pursue appellate remedies. His mother and godmother maintained that Benjamin asked his trial attorneys prior to the plea colloquy to pursue an appeal later. His trial attorneys denied receiving such a request.

In describing events leading up to the plea of guilty, all parties agree that Benjamin was in a pressure situation. They disagree on the extent of that pressure and its effect upon the voluntariness of the plea. All agree that Benjamin's trial attorneys, Michael Fawer and Claude Kelly, along with Benjamin's jury expert, Beth Bochnak and Benjamin's mother and godmother strongly recommended to Benjamin to accept the Government's offer to plea to a life sentence. His trial attorneys explained their recommendations were based upon pretrial discovery of the evidence, law and based upon the voir dire proceedings for selection of a death qualified jury. Towards the end of the latter process, Benjamin's trial counsel maintain that Benjamin made a free and informed choice to waive rights, including those for appeal and collateral review, in order to plead guilty. All parties

acknowledged that Benjamin could possibly get a sentence reduction if the Government chose to file a Federal Rules of Criminal Procedure Rule 35 motion based upon substantial cooperation, but no guarantees were offered or made in that regards. Benjamin further acknowledged that he was debriefed at least three times post-sentencing by the Government's case agent, with the last briefing occurring in April 2009. He claims that his attorneys told him to focus on that as opposed to an appeal. His attorneys again denied being asked by Benjamin to pursue an appeal at any time.

Benjamin fails to convince by a preponderance of the evidence that his guilty plea and waiver of appellate and collateral review rights were involuntary, unknowing or based upon misrepresentations or ineffective counsel representations. Benjamin's attorneys were not afraid of angering the government as he claims as basis for this action against his attorneys. The record shows numerous instances where Benjamin's attorneys attacked, via motions, the indictment and Government's evidence, along with a pre-trial appeal to the circuit. See Record Document Numbers 990, 1147, 102, 143, 171, 173, 211, 221, 264, 284, 296, 297, 320, 323, 349, 454, 532, 556, 575, 594, 599, 606, 754, 851, 960 thru 967 inclusive, 984, 992, 994, 995, 1073, 1074, 1106 and 1111.

Benjamin's trial attorneys forcefully argued on his behalf at the pretrial stage and effectively represented his interests then, at trial during voir dire and, eventually, the Rule 11 proceedings. Benjamin has failed to show that his trial counsels' performances were deficient and prejudicial to his interests.

**Unknowing and Involuntary Guilty Plea**

For a plea "[t]o be knowing and intelligent, the defendant must have 'a full understanding of what the plea connotes and of its consequence." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (citing *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274(1969)). "The defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." *Hernandez*, 234 F.3d at 255 (citing *Trujillo v. United States*, 377 F.2d 266, 266 (5th Cir.), *cert. denied*, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967)). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequence." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990) (quoting *United States v. Rivera*, 898 F.2d 442, 447

(5th Cir. 1990)(quoting *Barbee v. Ruth*, 678 F.2d 634 (5th Cir. 1982)).

    For a guilty plea to be "voluntary," it must not be induced by "'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel.'" *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (quoting *Brady v. United States*, 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L.ED.2d 747 (1970)).

    Benjamin asserts that his decision to plead guilty was unknowing and involuntary, and but for his counsel's failure to 1) move for dismissal based on the violation of Petitioner's statutory right to a speedy trial; (2) move for dismissal based on the violation of Petitioner's 6th Amendment right to a speedy trial; (3) inform the court and move for dismissal based on prosecutorial misconduct; (4) move for dismissal based on double jeopardy grounds and to include the issue in the interlocutory appeal filed in this case; (5) move for dismissal based on multiplicity; (6) inform Benjamin that he was ineligible for the death penalty and that his maximum sentence would be life irrespective of whether he pled guilty or was convicted at trial; (7) explain to Benjamin that the plea agreement was a type "(C)(1)(c)" agreement which called for a specific sentence of life; (8) inform Benjamin that by pleading

guilty he was waiving the right to challenge the conviction and/or sentence; and (9) Benjamin's first counsel and investigator provided privileged information to the government which was used to obtain the superseding indictment; he would have not plead guilty but would have insisted on proceeding to trial. (Record Document Number 1370).

Benjamin theorizes that he unknowingly and involuntarily agreed to plead guilty and he did not fully understand what the plea "connotes and its consequences." However, this Court asked at his re-arraignment whether he read and understood the plea agreement, was satisfied with his counsel's services, and understood the consequences/penalty to be imposed. Benjamin answered in the affirmative to these questions. Had Petitioner been unsatisfied with his counsel's investigation of the case prior to sentencing, he had clear opportunity at the plea and sentencing hearing to raise those issues before the Court.

There is no credible evidence that Benjamin's guilty plea and waiver of appeal and post-conviction rights were involuntary on his part. Benjamin fails to show that he was coerced or threatened into pleading guilty or entering into the waiver or that, due to mental or emotional pressures, he was unable to weigh his options regarding the entry of a plea. Benjamin expressly agreed and acknowledged that he committed the acts outlined in the factual

basis underlying his guilty plea. (Record Document Number 1214).

For all of above reasons as well as reasons orally assigned in open court on January 20, 2011, the motion to vacate, set aside or correct sentence under 28 § 2255 is **DENIED**.

New Orleans, Louisiana, this 25th day of January, 2011.


_____
UNITED STATES DISTRICT JUDGE